**STATE of Missouri, Plaintiff/Respondent,**

v.

**Archie P. HILL, Defendant/Appellant.**

No. 68373.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1996.

Lawrence E. Wines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

A jury convicted defendant of two counts of first degree murder, § 565.020.1, and two counts of armed criminal action, § 571.015.1, RSMo1994. The trial court sentenced him to two concurrent life sentences for the murders and two concurrent 25–year sentences for the accompanying counts of armed criminal action. We affirm.

■ On appeal, defendant raises two points. First, he alleges a violation of the best evidence rule concerning the *Miranda* rights given him. Defendant argues that the written waiver form and detective's testimony as to the defendant's waiver of his *Miranda* rights should have been excluded. He contends that a videotaped confession contained the "best evidence" of his waiver.

■ We disagree. Defendant misconstrues the best evidence rule. The rule does not mean that all other evidence must be excluded whenever a fact is evidenced by a writing or recording. *See Cooley v. Director of Revenue,* 896 S.W.2d 468, 470 (Mo. banc 1995). The rule simply states the law's preference for producing a writing or recording when *its terms or contents* are at issue. *Id.* Here, the content of the videotape is not at issue. Therefore, the best evidence rule is inapplicable. Point denied.

■ In his second point, defendant alleges his statement was improperly received into evidence because "the standard Constitutional rights waiver" was not given. However, a detective testified that defendant was advised of his *Miranda* rights, and defendant signed a waiver of rights form. This evidence is sufficient to sustain a finding that defendant was properly advised of his rights. *See State v. Hart,* 805 S.W.2d 234, 238–39 (Mo.App. E.D.1991). Point denied.

The trial court's judgment is affirmed.